FILED
APR 22 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Samantha Rajapakse, )
 )
    Plaintiff, )
 )
    v. ) Civ. Action No. 19-0326 (UNA)
 )
United States of America *et al.*, )
 )
    Defendants. )
 )

## MEMORANDUM OPINION

Plaintiff Samantha Rajapakse, proceeding *pro se*, sues the United States of America, the House Judiciary Committee, and the Sixth Circuit Court of Appeals, among others. Compl. at 2, Dkt. 1. She alleges that a magistrate judge of the United States District Court for the Eastern District of Michigan acted unlawfully when she recommended that the district court rule against Rajapakse in a separate action. *Id.* at 9. She argues that the district court and Sixth Circuit Court of Appeals subsequently misapplied the law in related proceedings. *Id.* at 10–13. And she argues that various Members of Congress unlawfully failed to protect her rights and the rights of other *pro se* litigants. *Id.* at 13. She now seeks an order requiring the U.S. House Judiciary Committee to investigate her claims and an order otherwise "protect[ing] [her] rights." *Id.* Because Rajapakse cannot prevail on any of her claims, the Court will dismiss her lawsuit.

The Speech or Debate Clause of the United States Constitution prevents courts from "interfer[ing]" in the business of the Legislative Branch. *Eastland v. U. S. Servicemen's Fund*, 421 U.S. 491, 503 (1975). The Supreme Court has recognized that "a private civil action, whether for an injunction or damages, creates a distraction and forces Members [of Congress] to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Id.* It

1

has therefore held that, "once it is determined that Members are acting within the legitimate legislative sphere[,] the Speech or Debate Clause is an absolute bar to interference." *Id.* (internal quotation marks omitted).

Courts determine whether "particular activities other than literal speech or debate fall within the 'legitimate legislative sphere'" by considering "whether the activities took place in a session of the House by one of its members in relation to the business before it." *Id.* at 503. Specifically, courts "determine whether the activities are an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." *Id.* at 504 (internal quotation marks omitted). The decision to initiate a congressional investigation unquestionably falls within the "legitimate legislative sphere." *Id.* at 503; *see also Rangel v. Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015). As a result, the Speech or Debate Clause prevents this Court from granting Rajapakse any relief against the U.S. House Judiciary Committee or any Members of Congress.

Nor can this Court interfere in the Sixth Circuit proceedings related to her separate action. It is well established that equitable relief is not available where there is "an adequate remedy at law." *Hill v. Traxler*, 550 F. App'x 1, 2 (D.C. Cir. 2013) (collecting cases). Here, appellate review of the decisions of the magistrate judge and the relevant Sixth Circuit courts provided that "adequate remedy at law for h[er] claims." *Id.*

Accordingly, the Court will dismiss this case. A separate order accompanies this memorandum opinion.

April 17, 2019

_____
United States District Judge